## GENERAL COURT, MAY TERM, 1799.

### CARROLL *et al.* Lessee, *vs.* E. & S. NORWOOD.

EJECTMENT on *seven separate* demises for two tracts of land, one called *Enlargement,* and the other called *Brown's Adventure,* lying in Baltimore county. The defendants took defence on warrant, and plots were made and returned.

1. The plaintiff at the trial, to support the issue on his part, produced a certificate of survey, made for and in the name of *John Israel,* bearing date the 10th of Jan- uary 1720. for a tract of land called "*The Enlargement,*" lying in Baltimore county, containing 100 acres of land, more or less. Also a grant to the said *John Israel,* dated the 10th of July 1724, for the said land called *The En- largement.* Also the will of the said *John Israel,* dated the 13th of January 1723, devising the said land to his sons *John L. Gilbert T.* and *Robert Israel,* which will was proved by the subscribing witnesses thereto on the 11th of March 1723. He also produced several mesne con- veyances from the devisees of the said *John Israel,* down to the lessors of the plaintiff.

The defendants proved that the said *John Israel,* for whom the said certificate of survey was made, died be- fore the issuing of the patent aforesaid in his name; and thereupon prayed the direction of the court to the jury, that the said patent was void; and that the lessors of the plaintiff, having produced the said certificate and patent, and claiming title under the same, that the jury could not presume a patent had issued to the devisees of the said *John Israel* for the said land.

*Martin,* (Attorney General,) and *Key,* for the plaintiff, to this objection answered, that *John Israel* having ac- quired an equitable interest in the land under the certifi- cate of survey, the patent related to the date of the cer

MAY 1799.

Carroll
vs.
Norwood.

tificate, and passed the title from that time; and moreo-ver, supposing the patent void, the jury after the great lapse of time which had intervened, ought to presume a grant issued to the children and devisées of *John Israel.*

*Ridgely* and *Mason,* for the defendants, replied, that if the patent was void, as they contended, then being an absolute nullity it could not have relation nor any opera-tion. That presumptions were made of the exis-tence of facts not appearing;—not that facts existed different from those actually shewed by the plaintiff to have existed. And of that opinion was DUVALL J.

But CHASE, Ch. J. and DONE, J. were of opinion, and directed the jury, that *John Israel* acquired an equitable interest in the land called *The Enlargement,* in virtue of his certificate of survey; which equitable interest was transmissible by last will. And *John Israel* having de-vised the said land, among other lands, to his three sons, as tenants in common in fee, and the plaintiff having de-duced and shewn a title in the said land from the devi-sees of the said *Israel,* by sundry mesne conveyances, the jury may and ought to presume a patent issued to the sons of the said *John Israel,* from the great length of time which has elapsed since the date of the said certi-ficate , if the jury find the possession of the said land has been held under the said title. The defendants excepted.

2. The plaintiff offered in evidence to the jury, a cer-tificate of survey of a tract of land called *The Enlarge-ment,* (before mentioned,) described as lying on the north side of Patapsco River, and on a run called Da-vis's Run, beginning, &c. He also produced and offered in evidence to the jury, the plots, and surveyor's expla-nations accompanying the same, made and returned in this cause.

Whereupon the defendants objected, that as the plain-tiff had named in his declaration the tract of land for which he has brought his ejectment, *"Enlargement,"* he cannot give in evidence the said certificate of survey made for the tract of land called *"The Enlargement."*

*Ridgely,* for the defendants, contended, that the plain-tiff's proof must correspond with his declaration; that he had not described the land in the declaration otherwise than by the name of *"Enlargement;"* there were no courses or quantity of acres to show its identity. In the certificate of survey the land is called *"The Enlargement."* That there was no lease confessed but that laid in the declara-tion. It is there said that the demise is for the land called *Enlargement,* not for *The Enlargement.* He can

MAY 1799.

Carroll.
vs.
Norwood.

produce certificates of surveys for lands in the same county, some called *Enlargement*, and others *The Enlargement.*

*Martin,* (Attorney General,) contra. The same precision is not required here as in cases where *nul tiel record* may be pleaded. The plots in this case are a part of the plaintiff's declaration, and shew the courses of the tract of land for which the ejectment is brought, and therefore reduced the claim of the plaintiff to sufficient certainty. A recovery in this case can be pleaded in bar, by reference to the plots, with an averment, as in any other case. There is a great difference between defence upon warrant and general defence; where defence is taken upon warrant the plots specify and designate the plaintiff's pretensions, and are a part of his declaration, and there is sufficient certainty to enable the sheriff to give possession.

CHASE, Ch. J. However unwilling the court listen to objections which prevent a trial of the merits, they cannot but consider the variance in this case as fatal.

If you sue for land by name, you must name it literally. You might have sued for it by description, and then the name would have been unimportant; but as the suit is for land by *name only,* and you have not shewn a title for the land na med in the declaration, the plaintiff must fail.

The plots are part of the plaintiff's declaration, so far as to show location.

The court are of opinion that the certificate of survey of the tract of land called *The Enlargement,* cannot be given in evidence to the jury.

The plaintiff excepted. There was no application made to the court for leave to amend the declaration, and it seemed to be the opinion of the court that the declaration was not amendable, the act of 1785, *ch.* 80, not extending to actions of ejectment.

VERDICT and judgment for the defendant. The plaintiff appealed to the court of appeals.

*Martin* (Attorney-General,) for the appellant, (on the *last bill of exceptions,* being the only one before the court of appeals.) contended, that admitting the certificate of survey offered in evidence in the general court described the land by the name of *The Enlargement,* and the declaration described by the name of *Enlargement,* yet the subsequent averment on the plots, which are admitted to be the pleadings in the cause, and a part of the plaintiff's declaration, cured any defect as to the description in the declaration. That *"Enlargement"* and *"The Enlarge-*

MAY 1799.

Ca ˌˌˌˌl
vs.
Norwood.

ment," were the same in grammatical construction, and common language. That there was a great difference between defence taken generally, and that taken upon warrant. In the first the party might be confined to his declaration, but in the latter, where the lands are located and designated upon the plots, the defendant is made acquainted with the name and description of the land claimed by the plaintiff in the action, and is prepared to defend the case, and is not at the trial taken by surprise. The plaintiff, by his pretensions on the plots, brings out his case more fully, as is usual in replications. It will not be denied that if an ejectment is brought for a tract of land by name, without further specification, it is good. In this case sufficient certainty appears to enable the sheriff to deliver possession.

*Ridgely*, contra, contended, that the court of appeals were confined to the bill of exceptions, by which it appeared that the certificate of survey offered in evidence by the plaintiff below, was not the original certificate, but a copy of a certificate *not under the seal of the office*, and therefore should not have been offered, and could not be received in evidence. That admitting it had been under seal, it did not support the plaintiff's declaration, but varied from it, being for a different tract of land. That the party's replication ought to support the declaration. The plots show that two tracts of land are located thereon, one by the name of *United Friendship*, and the other by the name of *The United Friendship*, and why might there not be also two tracts of land one by the name of *Enlargement*, and the other by the name of *The Enlargement?* There must be certainty enough to enable the sheriff to deliver possession. Suppose in this case there had been a general verdict for the plaintiff, the judgment would have been that he recover his term in the tract of land mentioned in the declaration called *Enlargement*, and the writ of possession would have directed the sheriff to deliver possession of the land by that name. Suppose there were two tracts in the county one called *Enlargement*, and the other *The Enlargement*, could the sheriff under the writ deliver possession of the latter tract?

THE COURT OF APPEALS, as to the objection that the copy of the certificate of survey, which was offered in evidence in the general court, not being under seal, observed that it was too late to make it in the court of appeals; that such objection should have been made at the trial, for copies unauthenticated were often offered in evidence by consent of the parties, and if the objection

had been made in the court below it could have been easily obviated.

The Court of Appeals, upon the *bill of exceptions*, dissented from the opinion given by the General Court, and *reversed* the judgment.

PROCEDENDO AWARDED.