JOHN H. MONDELL and ELIZABETH A. MONDELL, his
Wife, and JOANNA BINKLEY *vs.* MARY A. SHAFER.

*Objection to Evidence not appearing by the record to have been
made below will not be considered by the Court of Appeals.*

A bill to foreclose a mortgage was filed and the defendants duly summoned.
The defendants failing to appear and answer, an interlocutory decree was
passed, an *ex parte* commission issued, testimony taken and returned, the case
set down for hearing and a final decree passed. Afterwards the defendants
appealed, and urged as ground for reversing the decree of the Court below the
fact that the clerk had omitted the seal of the Court from the certified copy of
the complainant's mortgage filed with the bill of complaint and offered in
evidence under the commission. HELD :

That the testimony taken in this case had the same effect as if the defendants
had appeared and answered, and it not appearing from the record that any
objection to the evidence in this case was taken by the appellants in the Court
below, no such objection could be considered by the Court of Appeals.

.APPEAL from the Circuit Court for Washington County,
in Equity.

On the 22nd of July, 1876, the appellee filed her bill of
complaint to foreclose a mortgage against the appellants,
and the proper parties were made defendants. The defend-
ants were duly summoned, but failed to appear and answer,
and on the 4th of October, 1876, the Court passed an inter-
locutory decree and issued a commission, *ex parte*, to take
testimony. A copy of the complainant's mortgage was
filed with the bill of complaint, and the evidence taken
under the commission was returned to the Court and filed
17th of October, 1876 The defendants still failing to
appear and obtain leave to answer, the case was set down
for hearing under the rule and a final decree was passed.
After the lapse of nine months less one day, the defend-
ants appealed from the said decree.

Mondell and Wife, *et al. vs.* Shafer.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER and ROBINSON, J., for the appellee, and submitted for the appellants.

*Tryon Hughes Edwards*, for the appellants.

*H. H. Keedy*, for the appellee.

ROBINSON, J. delivered the opinion of the Court.

The Code provides that whenever a defendant has been summoned, and fails to appear or to put in an answer, the Court may, upon the application of the complainants, pass an interlocutory decree and direct a commission *ex parte* to issue to take testimony to support the allegations in the bill; and the testimony thus taken shall have the same effect as if taken in the usual way on answer, and the Court shall proceed to a final decree in the cause, in the same manner as if the defendant had appeared and put in his answer. *Sec.* 115, *Art.* 16, *Code.*

In this case the defendants, now appellants, were summoned but failed to appear, and on application by the complainant, an interlocutory decree was passed, and an *ex parte* commission was issued to take testimony.

On the 17th of October, 1876, the testimony taken under the commission was returned, and the defendants still not appearing, the case was set down under the rules of the Court for hearing, and on the 18th of November following, a final decree was passed.

On the 17th day of August, 1877, being but one day less than nine months, an appeal was taken, and it is now contended that the decree below ought to be reversed, because the only proof offered before the commissioner was a paper purporting to be a certified copy of the complainant's mortgage, to which the clerk failed to affix the seal of the Court.

The Code however provides, that on an appeal from a Court of equity, no objection to the competency of wit-

nesses, or to the admissibility of evidence, shall be made in the Court of Appeals, unless it appears by the record that such objection was made in the Court below. *Sec.* 26, *Art.* 24, *Code.* Under this section it has been decided that an objection to an office copy, on the ground that the seal of the Court is not affixed to it, cannot be made for the first time in the Appellate Court. *Phelan & Bogue vs. Crosby,* 2 *Gill,* 462 ; *Carroll's Lessee vs. Norwood,* 4 *H. & McH.,* 287.

If then the testimony taken in this case, under an *ex parte* commission, is to have the same effect as if it had been taken on the appearance of the defendants, and on answers filed by them, it is clear the objection to the certified copy of mortgage for the want of the seal of the Court cannot now be made, no such objection having been made in the Court below. Unauthenticated copies are often offered in evidence by consent, or if not offered by consent, and the objection had been made at the proper time, it could easily have been obviated.

It is no answer to say the defendants were not in Court to make the objection. They had been summoned and it was their business to have been there, or take the consequences of their own default.

For these reasons the decree below will be affirmed.

*Decree affirmed and*
*cause remanded.*

(Decided 23rd July, 1878.)