## STUCKERT, TO THE USE OF HIS ASSIGNEES v. HARVEY.

### May 14, 1836.

### *Case stated.*

Devise of residuary real and personal estate to A in trust, " to pay the rents, issues and profits of the real estate, and the interest of the personal estate to B during life, and after the death of the latter to convey the same to C, his heirs, executors, administrators and assigns, for his own sole and proper use, without the control of any person or persons whomsoever, *and without being subject or liable to his debts, contracts or engagements.*"    A accepts the trust, and receives the said residuary estate.    Before the death of B the *cestui que trust* for life, C makes an assignment of all his estate, real and personal, for the benefit of his creditors.    *Held*, that the interest of C passed to his assignees in trust for the benefit of his creditors, and was by them recoverable from A, the trustee, after the death of B.

THE following case was stated, in the nature of a special verdict, for the opinion of the court, viz. :

" Susanna Stuckert died in 1832, leaving a will dated 18th March 1831, and proved 5th September 1832 (*prout* same), whereby she devised, among other things, as follows:

" ' *Item*, all the rest, residue, reversion and remainder of my estate, real, personal and mixed whatsoever, and of the estate, real and personal of my late husband the said John Stuckert, devised subject to my direction by will, I do give and bequeath, limit, direct and appoint, in manner following, that is to say : One full, equal and undivided eighth part thereof unto my daughter, Susan Taylor, her heirs, &c., &c., &c.      *      *      *      *      *      *      *
One other equal eighth part thereof unto the said Samuel Harvey, his heirs, executors, administrators and assigns for ever, in trust, nevertheless, to pay the net rent, issues and profits of the real estate,

[Stuckert v. Harvey.]

and place and continue the personal estate at interest on good landed security, or invest the same in some productive public fund or funds, from time to time, and the interest and income thereof (when, and as the same shall be received) unto my son Peter Stuckert, upon his own receipt, without being subject or liable to his debts, contracts or engagements for and during all the time of his natural life. And from and immediately after the decease of my said son Peter (and also in case of his decease before me), then in trust to grant, convey and assign the same unto my six children, to wit: Susan Taylor, Catherine Smaltz, David Stuckert, William Stuckert, George J. Stuckert, Eliza Stoever, their heirs, executors, administrators and assigns for ever, in equal parts and shares, to be paid and held and received by them for their own respective, sole and proper use, without the control of any person or persons whomsoever, and without being subject or liable to their debts, contracts or engagements.'

"The said Samuel Harvey, as the trustee in the said will named, for the purposes therein expressed, on the　　　day of in the year 18　, duly received the said one equal eighth part of all the rest, residue, reversion and remainder of the testatrix's estate, real, personal and mixed, whatsoever and wheresoever, of the estate real and personal of the late husband of the testatrix, John Stuckert deceased, subject to the testatrix's direction by will; and the said Samuel Harvey did take upon himself, on the said day of in the year 18　, the burthen of the execution of the said trust.

"The said Peter Stuckert died on the 7th day of July, in the year 1834.

"On the 25th of December 1833 the said David Stuckert, by indenture (*prout* the same), duly executed and delivered between him the said David and Margaret his wife, and Solomon James Dewey of the one part, and James Benners of the other part, did assign to the said James Benners, for the benefit of his, the said David Stuckert's creditors, all his estate, real and personal.

"The question for the opinion of the court is, whether the creditors of the said David Stuckert, for whose use this action is brought, are entitled to recover from the defendant the said David Stuckert's proportion of the said one equal eighth part of the residuary estate of the said Susanna Stuckert, and of the estate of her said late husband, subject to her direction by will; or whether the same is protected by the said will from liability to the said David Stuckert's debts.

[Stuckert v. Harvey.]

" If the court shall be of opinion with the plaintiff, then judgment to be entered for the plaintiff.    But if the court shall be of opinion with the defendant, then judgment to be entered for the defendant."

*C. Ingersoll*, for the plaintiff.

1. The devise is in trust for D. Stuckert, his heirs and assigns, *on condition that the property devised should not be liable for his debts.* The condition is repugnant to the body of the devise and must be rejected.    Property cannot be divested of its legal incidents, and it is clear therefore that the donor cannot exempt his gift from liability to the donor's debts.    4 *Term Rep.* 601 ; Newkirk *v.* Newkirk, 2 *Caines's Cas.* 345 ; Parsons *v.* Winslow, 6 *Mass. Rep.* 169.

2. True, the testator might have partly effected his purpose by providing that upon the donee's insolvency the property should go over to somebody else.    2 *Powell on Devises* 272, 274, *note* 5, 358, 359 ; Brandar *v.* Robinson, 18 *Ves.* 432, 434 ; Lockyer *v.* Savage, 2 *Strange* 947.    But this he has not done, and it therefore stands the mere case of the declaration by the testator that the property bequeathed by him should not be liable to the debts of the devisee.

*Price*, for the defendant, referred to 2 *Rawle* 33 ; 1 *Rawle* 112, 120 ; 6 *Serg. & Rawle* 466.

The opinion of the Court was delivered by

PETTIT, *President.*—The interest of David Stuckert in the property in dispute, was vested as soon as the will of Susanna Stuckert took effect.    The words, " all his estate, real and personal," used in his assignment, were broad enough to cover it ; and the question is thus presented, does the clause in the said will, "*without the control of any person or persons whomsoever, and without being subject or liable to their debts, contracts or engagements,*" prevent the said interest from passing under the deed for the benefit of creditors.

The authorities cited on behalf of the defendant do not apply. So far as David Stuckert was concerned, the agency of the trustee was merely to grant, convey and assign to him on the death of Peter Stuckert.    Neither before nor after the death of Peter was the interest of David to be under the control of the trustee.    Whether at the date of the assignment, which was before Peter's death, David's interest would have been protected by the trust from adverse process at the suit of David's creditors, it is not necessary to inquire,

I.—2 G

[Stuckert v. Harvey.]

though it may be remarked that the authorities of the defendant's counsel do not go so far as to prove even that. It is a well settled principle, however, that it is not permitted to a party to give an estate to another, and deprive that other of the legal consequences annexed to it. 4 *Term Rep.* 604. As the will gives to David an interest which he could transfer as completely and effectually as if the legal estate were vested in him, any words limiting him in the disposition of it, would be repugnant. The will is to receive, if possible, such a construction as shall not be contrary to law. Where it cannot be so construed it is void. If then the restriction plainly contemplated the case before us, it would be inoperative. But it does not expressly relate to any voluntary act of the party upon whom the estate is conferred. To concede then to David Stuckert the right to make a conveyance for the benefit of creditors, does not seem to require the rejection of the clause as void; while to deny to him that right is to infer a meaning which is not declared, and is to violate the policy of the law. There should then be

Judgment for the plaintiff.

