THOMAS, Respondent, v. WYATT, Appellant.

1. A patent to a fictitious person is a nullity.

*Appeal from St. Louis Land Court.*

*S. Reber* and *T. J. Beirne,* for appellant.

I. The only question in this case is whether the holder of a junior patent will be allowed to defeat an older patent for the same land by showing that the grantee named in the latter is a fictitious person. It seems to be too well settled by authority, and too obvious in reason and common sense to admit of debate, that to every valid grant there must be a grantee capa-

ble of taking. (Collins v. Brannin, 1 Mo. 540 ; Gallway v. Finley, 12 Pet. 297 ; Galt v. Gallway, 4 Id. 345 ; McDonald's heirs v. Smalley, 6 Id. 261; McCracken's heirs v. Beall & Bowman, 3 A. K. Marsh. 1080.)

*J. D. Coalter*, for respondent.

I. It is impossible to prove that no such person as Samuel Johnson existed. The most that any one witness can swear on that subject is that he did not know a Samuel Johnson. The patent of the United States is conclusive on this point. (Alison v. Hunter, 9 Mo. 758; Gamble v. Barry, 8 Mo. 94 ; Jennings v. Whitaker, 4 Monr. 50 ; Jackson v. Marsh, 6 Cow. 281; Jackson v. Lawton, 10 Johns. 23 ; 1 Hen. & Munf. 306 ; Polk's Lessee v. Wendall, 9 Cranch, 99.)

RYLAND, Judge, delivered the opinion of the court.

This was an action of ejectment for a tract of land in the county of St. Louis. Thomas claimed title under a patent issued by the United States, bearing date the 5th of January, 1843, to Samuel Johnson, for the land, in virtue of an entry made in land office. Thomas obtained title to the land under a decree of the St. Louis Land Court, rendered against Johnson on notice of publication without the appearance of the defendant, vesting Johnson's title in the plaintiff. The defendant claimed title, and held possession under a patent issued on the same entry to *Samuel M. Coleman*, assignee of Samuel Johnson, dated 14th March, 1845.

At the trial the defendant offered to prove that Samuel Johnson was a fictitious person, and that Thomas, the plaintiff, knew the fact when he obtained his decree and prior thereto. This evidence the plaintiff Thomas objected to, and the court ruled it out. The defendant excepted. There was a verdict for plaintiff, and judgment. The defendant made his motion for a new trial, which being overruled, he brings the case here by appeal.

The only question which the appellant makes in this court is, whether the holder of a junior patent will be allowed to defeat an older patent for the same land by showing that the

patentee or grantee named is a fictitious person. The plaintiff having showed his patent and his decree under it for the land, the defendant contended that it was competent for him to show that Samuel Johnson, the patentee, was a man of straw—a mere fictitious person—and in consequence no title could pass to such a grantee. This evidence was rejected and as we think improperly.

There must be in existence some person or corporation or body capable of taking at the time the patent issued. Nothing could pass to the patentee by virtue of a patent emanating after his death. (Collins v. Brannin & Tramell, 1 Mo. 384.) In McCracken's heirs v. Beall & Bowman, 3 A. K. Marsh. 1082, the court of appeals of Kentucky, in their opinion, delivered by Judge Owsley, say: "Indeed we can not imagine how it is possible for any act necessary to the acquisition of right to be done in the name of a dead person, and at the same time have any legal operation. After the decease the dead person has no rights, and no rights can be acquired by others in his name. In McDonald's heirs v. Smalley et al., 6 Pet. 261, Chief Justice Marshall said: "David Anderson, in whose name the entry was made under which the plaintiffs claim, was dead at the time. The entry therefore, as was determined in Galt and others v. Galloway, 4 Pet. 332, is in the state of Ohio a nullity. This being the foundation of the plaintiffs' action, they must fail." In Galloway v. Finley, 12 Pet. 297, Mr. Justice Catron, in delivering the opinion of the court, said: "The principal ground relied on for relief being that the patents were void because made after Charles Bradford's death, we will proceed to examine it. That a patent thus made passes no title is true in the nature of things; there must be a grantee before a grant can take effect. So this court held, in Galt v. Galloway, 4 Pet. 345, and McDonald v. Smalley, 6 Pet. 261." Now the proof offered here was not that there had been such a man living, but was dead when the patent issued, but that the entry was originally made by some other person in the name of this fictitious person—this man of straw—who was not there, nor ever had been a real

person, and that this was known to plaintiff. Thomas. If such was the fact, the proof had a direct tendency to defeat the plaintiff's action. For, if Samuel Johnson, the patentee, never had any existence, then he had no title, and the decree could pass out of him and vest in the plaintiff no title. The proof should have been received. This point reverses the judgment below, and this is the only point we now decide. Let the judgment be reversed and the cause remanded; Judge Scott concurring; Judge Leonard absent.

1. A patent to a fictitious person is a nullity.