### JOHN W. VEAZIE *versus* GORHAM·L. BOYNTON *& al.*

An action cannot be maintained under the provisions of the statute, for knowingly aiding a debtor in the fraudulent concealment and transfer of his property, where the transfer, alleged to be fraudulent, is of the right of redeeming property mortgaged to secure debts vastly exceeding its value, and the equity of redemption, therefore, is utterly worthless.

ON REPORT.

*Rowe & Bartlett*, for the plaintiff.

*J. A. Peters*, for the defendants.

The case is sufficiently stated in the opinion of the Court, which was drawn up by

APPLETON, J.—This is an action of the case, brought against the defendants under the provisions of R. S., 1841, c. 148, § 49, for knowingly aiding and assisting Paulk & Co., a firm composed of Ephraim Paulk and Thomas Rice, in the fraudulent concealment and transfer of their property.

It appears in evidence that John Winn had become liable for Paulk & Co., as indorser and otherwise, for a large amount, and that, to secure and save him harmless from liabilities incurred on their account, they, on the 9th November, 1854, mortgaged to him the personal property set forth in the plaintiff's writ. It appears from the testimony of Winn, introduced by the plaintiff, that, upon his settlement with Paulk & Co., they were indebted to him in the sum of two hundred·and forty-five thousand dollars. The security

thus afforded was utterly inadequate for the protection of Winn. It was proper that Paulk & Co., considering the immense indebtedness Winn had incurred for them, should secure or attempt to secure him. There were ample reasons why Winn should receive any security that might be offered without the imputation of fraud. Indeed, the charge of fraud, as between Winn and Paulk & Co., is simply preposterous.

On the 27th Nov., 1854, Paulk & Co., having only the equity of redeeming, gave a subsequent mortgage of the same property to the defendants, in which Winn joined. There were such numerous and heavy charges upon the lumber, by way of liens and previous mortgages, that, according to the disclosure of the defendants, under oath, as trustees, on Dec. 16, 1856, they had expended about $80,000, in and about the manufacturing the lumber, and in discharging mortgages and liens thereon, over and above the sums received from its sales, and there was slight prospect of the balance in the lumber account ever becoming more favorable. The result, as far as shown, most clearly shows that various claims upon and charges against the lumber, irrespective of the mortgage to Winn, much exceeded its value. All that Paulk & Co. conveyed to the defendants was the right of redemption from the Winn mortgage. That mortgage far exceeded the value of the lumber, had it at that time been free from liens and charges. The equity of redeeming, as the evidence discloses, was not merely utterly valueless, but it did not approximate by tens of thousands of dollars to possessing any value. It is difficult to perceive how any fraud could have been committed under such circumstances, even if the parties were ever so desirous of committing one. The equity of redemption conveyed by Paulk & Co., to the defendants was worthless. The right the defendants thereby acquired was worthless. *Ex nihilo, nihil fit*, and, according to the agreement of the parties, the plaintiff must become nonsuit. *Plaintiff nonsuit.*

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., concurred.