JUDGE HARDIN
delivered the opinion oe the court.
Robert Lowry, the father of the appellant, Samuel C. Lowry, and of Margaret Munday, one of the appellees, died in 1860, leaving a will executed in 1842, devising two sevenths of his real estate-to the appellant, and one seventh part to said Margaret, and the residue to other devisees.
Anticipating the death of the testator and the establishment of the will as made, said Margaret and her husband, Edmund Munday, entered into a contract with the appellant on the 12th of March, 1856, whereby they undertook to sell him their interest as expectant devisees in the iand, and also in the personal estate of the testator, for the price of seven hundred and fifty dollars, which was paid.
It appears that at the death of Robert Lowry, or shortly thereafter, the will being admitted to record, the appellant took possession of the interests in the land devised to himself and Mrs. Munday, but no conveyance was made to him in conformity with the contract; and Edmund Munday died in July, 1866, without refunding the money received under the contract, but having continuously acquiesced in the sale and the possession and claim of the appellant under it.
In September, 1867, this suit in equity was instituted by the appellant against Margaret Munday and the personal representative and heirs of Edmund Munday, deceased, for a specific execution of the contract by said Margaret; or if *453 that could not be coerced, then for the recovery of fifteen hundred dollars, which it was stipulated in the contract Munday and wife would pay “ as liquidated damages ” if they failed “ to secure to said Samuel C. Lowry a good legal title to said undivided seventh part of said tract of land within twelve months next after the death of said Robert Lowry.” The personal representative and heirs of Edmund Munday controverted the asserted right of recovery on the contract on the grounds that the supposed interest of Mrs. Munday as devisee was not the subject of a valid sale, and the written memorial of the contract was therefore inoperative and void, and they relied on the statute of limitations as a bar to a recovery on the implied assumpsit of Munday to refund the seven hundred and fifty dollars; and said Margaret Munday, in addition to these grounds of defense, pleaded her coverture as exonerating her from responsibility on the contract, and by a cross-petition she sought a recovery against the plaintiff of her interest as devisee of Robert Lowry and an account of rents of the land.
The circuit court was of the opinion that, as the supposed right in expectancy was not the subject of sale, the contract was without obligatory force for any purpose; and more than five years having elapsed since the payment of the money by the plaintiff, the claim to recover it back was barred by limitation, and hence the court dismissed the petition; and this appeal is from that judgment.
According to repeated decisions of this court the contract was not such as the law would specifically enforce, even if the coverture of Mrs. Munday did not interpose any obstacle or bar to its specific execution, so far as a conveyance or any relief against her was sought in this action; but we see no sufficient reason for exempting the estate of Edmund Munday from liability on his covenant for indemnity expressed in the written contract. In our opinion, however, the measure of *454 recovery, even on the contract, was the sum actually paid, subject to credit for Mrs. Munday’s share of the personal estate, if it should appear to have been received or retained by the plaintiff, and neither interest nor rent should be charged for any time previous to the death of Edmund Munday. ¥e regard the conditional agreement to pay fifteen hundred dollars “as liquidated damages” as the expression of a penalty, and not as a binding stipulation to pay that amount, in any event, if there should be a failure to convey the one seventh part of the land. It seems to us, moreover, that if it were true that no right of action existed on the contract, and that the plaintiff’s only remedy was on an implied liability of E. Munday to refund the money received by him, still the statute of limitations did not commence to run while he lived and acquiesced in the plaintiff’s possession and use of the property under the contract. It' results that the court erred in dismissing the petition.
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.