In the matter of the application of THEODORE BARTLES and others, for payment to them of a trust fund under the control of this court.

By a will, proved in 1849, a testator gave to his executor his homestead farm in trust during the life of his daughter (petitioner's mother), to receive the rents and profits, and to pay them to her for her separate use, and to keep the property clear of any encumbrance by her or her husband ; and he gave the farm, after her decease, to such person or persons as should be her heir or

heirs at law of land held by her in fee simple. In 1868 the farm was sold by order of this court, under the act authorizing the sale of lands limited over to infants or in contingency, the proceeds paid into court and invested for the benefit of the parties interested.—*Held*, that such proceeds of sale could not be paid over to her children and heirs at law, on their own application, exhibiting the release of their mother and her consent thereto; nor can they be paid over until after her death, because it cannot until then be determined who are her heirs at law.

On petition.

THE CHANCELLOR.

The petitioners are the children of Phœbe Ann Bartles. Her father, now deceased, by his will, proved in 1849, gave to his executor his homestead farm in Morris county during her life, in trust, to rent it and receive the rents and profits and pay them over as he should receive them, to her, for her separate use, and to keep the property clear of all encumbrances by her or on her account, or by or on account of her then or any future husband, and he gave and devised the farm after her decease to " such person or persons as " should " be her heir or heirs at law of land held by her in fee simple." The farm was sold by order of this court in 1868, under the act to authorize the sale of land limited over to infants or in contingency (*Rev. p. 1052*), and the net proceeds of sale were paid into this court and invested under its direction according to the provisions of that act. Mrs. Bartles is still living, but has released her right and interest to and in the fund to the petitioners, who are all of her children, and they apply for the fund on the ground that having extinguished her life estate they are entitled to the money. That they are not so is entirely clear. The remainder in fee is given at the death of the life tenant to " such person or persons as shall be her heir or heirs at law of land held by her in fee simple :" that is, to those who by law would inherit the property at her death if she died intestate seized thereof in fee. Who those persons will be cannot now be determined. *Nemo est hœres viventis.* She has heirs apparent and presumptive now, but whether those persons will be her heirs at her death and so entitled to the remainder, cannot

be told until that time arrives. The testator manifestly did not refer to any particular individual or individuals, or class of existing persons, by the language which he employed, but used the word "heir" in the technical sense, as is particularly evident from his use of the future tense—"such person or persons as shall be her heir or heirs at law, &c."—that is, such person or persons as shall be her heir or heirs at law when she dies.

The petition must be dismissed.

NOTE.—Under *nemo est hæres viventis*, a testamentary gift to the heirs of A during A's lifetime is void (*3 Greenl. Cruise \*106 § 37 ; 2 Jarm. on Wills \*13 et seq. ; Otis* v. *Prince*, 10 Gray 582 ; *Stith* v. *Barnes*, 1 Law Repos. (N. C.) 484 ; *Chessun* v. *Smith*, 2 Id. 392 ; *Norris* v. *Hensley*, 27 Cal. 439, 450 ; *Campbell* v. *Rawdon*, 18 N. Y. 412, 416.

But if A be referred to in the will as a living person, a gift to his heirs is valid (*James* v. *Richardson*, 1 Ventr. 334 ; *Goodright* v. *White*, 2 W. Bl. 1010 ; *Winter* v. *Perratt*, 5 B. & C. 48 ; *Carne* v. *Roche*, 7 Bing. 226 ; *Darbison* v. *Beaumont*, 1 P. Wms. 229 ; *Vannorsdell* v. *Van Deventer*, 51 Barb. 137 ; *Heard* v. *Horton*, 1 Denio 165 ; *Cushman* v. *Horton*, 59 N. Y. 149 ; *Cosbey* v. *Lee*, 2 Disn. 460 ; *Jourdan* v. *Green*, 1 Dev. Eq. 270 ; *Levitt* v. *Wood*, 17 Grant's Ch. 414 ; *Knight* v. *Knight*, 3 Jones Eq. 167 ; *Simms* v. *Garrott*, 1 Dev. & Bat. Eq. 393 ; *Ward* v. *Stow*, 2 Dev. Eq. 509 ; *Stith* v. *Barnes*, 1 Law Repos. 484 ; or, in case the term *heirs* is evidently used as *designatio personarum* (*Sams* v. *Garlick*, 14 M. & W. 698 ; *Baker* v. *Tucker*, 3 H. of L. Cas. 106 ; *Rittson* v. *Stordy*, 1 Jur. (N. S.) 771 ; *Bowers* v. *Porter*, 4 Pick. 198 ; *Johnson* v. *Whiton*, 118 Mass. 340 ; *Morton* v. *Barrett*, 22 Me. 257 ; *Williamson* v. *Williamson*, 18 B. Mon. 370 ; *Rapp* v. *Matthias*, 35 Ind. 332 ; *Butler* v. *Heustis*, 68 Ill. 594 ; *Bailey* v. *Patterson*, 3 Rich. Eq. 156 ; *Caulk* v. *Fox*, 13 Fla. 148, 161 ; *Ware* v. *Richardson*, 3 Md. 505 ; *Roberts* v. *Ogbourne*, 37 Ala. 174 ; *Myers* v. *Anderson*, 1 Strobh. Eq. 344); so where the term *heirs* is qualified, as *heirs of the body*, *right heirs*, &c. (*Nightingale* v. *Quarterly*, 1 T. R. 630 ; *Sweet* v. *Herring*, 1 East 264 ; *Darbison* v. *Beaumont*, 3 Bro. P. C. 60 ; *Doe* v. *Laning*, 2 Burr. 1100 ; *Tucker* v. *Adams*, 14 Ga. 548 ; *Sharman* v. *Jackson*, 30 Ga. 224 ; *Tipton* v. *La Rose*, 27 Ind. 484 ; *Grout* v. *Townsend*, 2 Hill 554 ; *Bradford* v. *Howell*, 42 Ala. 422 ; *Lemarks* v. *Glover*, 1 Rich. Eq. 141).

The grantee in a deed must be in existence and certain, therefore a grant to a dead man is void (*Hunter* v. *Watson*, 12 Cal. 363 ; *McCracken* v. *Beall*, 3 A. K. Marsh. 208 ; *Galloway* v. *Finley*, 12 Pet. 264 ; see *Holden* v. *Smallbroke Vaughn* 199) ; or to a fictitious person (*Thomas* v. *Wyatt*, 25 Mo. 24, 31 Mo. 188 ; *Phelps* v. *Call*, 7 Ired. 262 ; *Muskingum Co.* v. *Ward*, 13 Ohio 120 ; *Smith* v. *Bridges*, Breese 2) ; or to one unborn (*Newsom* v. *Thompson*, 2 Ired. 277 ; *Dupree* v. *Dupree*, Busb. Eq. 164 ; *Hall* v. *Thomas*, 3 Strobh. 101 ; *Hamilton* v. *Pitcher*, 53 Mo. 334) ; although in *Nelson* v. *Iverson*, 24 Ala. 9, the property in a slave delivered by a father to his daughter to belong to her child, with which

Bartles's Case.

she was then pregnant, should it be a boy, was held to vest in such boy at his birth.

A grant to the heirs of a deceased person is good (*Shaw* v. *Loud*, 12 Mass. 447; *Boone* v. *Moore*, 14 Mo. 420; *Gearhart* v. *Sharp*, 9 B. Mon. 31; see *Sargent* v. *Simpson*, 8 Me. 148; *Duncan* v. *Harper*, 4 Rich. (N. S.) 84).

A deed to the heirs of a living person is, ordinarily, void (*Hall* v. *Leonard*, 1 Pick. 27; *Morris* v. *Stephens*, 46 Pa. St. 200; *Winslow* v. *Winslow*, 52 Ind. 8; *Newsom* v. *Thompson*, 2 Ired. 277); yet if such intent be apparent from the instrument, who are the beneficiaries may be shown (*Hogg* v. *Odom*, Dud. 185; *Martin* v. *Youngblood*, 8 Humph. 581; *Gearhart* v. *Sharp*, 9 B. Mon. 34; *Huss* v. *Stephens*, 51 Pa. St. 282; *Huss* v. *Morris*, 63 Pa. St. 367; *Flint* v. *Steadman*, 36 Vt. 210; *Hickman* v. *Quinn*, 6 Yerg. 95; see further *Epperson* v. *Mills*, 19 Tex. 65; *Cole* v. *Lake Co.*, 54 N. H. 290); thus a deed to the joint heirs of A and B, the grantor's daughter and son in law, was held good as to the two children of A and B, then living, but not as to any subsequently born (*Holeman* v. *Fort*, 3 Strobh. Eq. 66).

A note payable to the heirs of a living person is valid (*Bacon* v. *Fitch*, 1 Root 181; *Lockwood* v. *Jesup*, 9 Conn. 272; *Cox* v. *Beltzhoover*, 11 Mo. 142; but see *Bennington* v. *Dinsmore*, 2 Gill 348).

A deed to S. or his heirs is good (*Ready* v. *Kearsley*, 14 Mich. 215; *Hogan* v. *Page*, 2 Wall. 605; see *Curhart* v. *Miller*, 2 South. 573); or a bond payable to A or B (*White* v. *Hancock*, 2 C. B. 830; *Hazen* v. *Drummond*, 4 Allen (N. B) 267; *Parker* v. *Carson*, 64 N. C. 563); but not a promissory note (*Musselman* v. *Oakes*, 19 Ill. 81; *Blanckenhagen* v. *Blundell*, 2 B. & Ald. 417; *Osgood* v. *Pearson*, 4 Gray 455; *National Ins. Co.* v. *Allen*, 116 Mass. 400; *Hayden* v. *Snell*, 9 Gray 365; *Willoughby* v. *Willoughby*, 5 N. H. 244; see *Doak* v. *Robinson*, 1 Hannay 278).

In a conveyance to an unmarried woman and her children, she takes a life estate with a remainder to her after-born children, if any (*Fales* v. *Currier*, 55 N. H. 392; *Frazer* v. *Supervisors*, 74 Ill. 282; see *Chessun* v. *Smith*, 2 Law Repos. (N. C.) 392).

If to a married woman and her children, those subsequently born do not take (*Ayton* v. *Ayton*, 1 Cox 327; *Stroman* v. *Rottenburg*, 4 Desauss. 268; *Hogg* v. *Odom*, Dud. 185; *Grimes* v. *Orrand*, 2 Heisk. 298; *Holeman* v. *Fort*, 3 Strobh. Eq. 66; *Kitchens* v. *Craig*, 1 Bail. 119); unless a contrary intent appears (*Lillard* v. *Ruckers*, 9 Yerg. 64; *Read* v. *Fite*, 8 Humph. 328; *Shepherd* v. *Nabors*, 6 Ala. 631; *Watts* v. *Clardy*, 2 Fla. 369; *Conklin* v. *Conklin*, 3 Sandf. Ch. 64; *Woodruff* v. *Woodruff*, 32 Ga. 358; *Houghton* v. *Kendall*, 7 Allen 72; *Foster* v. *Shreve*, 6 Bush 519; *Simms* v. *Garrott*, 1 Dev. & Bat. Eq. 393; *Bullock* v. *Bullock*, 2 Dev. Eq. 307; *Noe* v. *Miller*, 4 Stew. Eq. 234).

A life tenant's covenant indemnifying one against damage and loss by reason of suits by the covenantor's heirs, executors or administrators, was held not to include such covenantor's children (*Pearson* v. *Darrington*, 32 Ala. 227, 275).

A mere contingent interest is subject to legislation, affecting or destroying it before it becomes vested (*Beall* v. *Beall*, 8 Ga. 210; *Scott* v. *Key*, 11 La. Ann. 232; *Sleight* v. *Read*, 9 How. Pr. 278; *Aspden's Estate*, 2 Wall. Jr. 368; *Barnes*

Bartles's Case.

v. *Huson*, 60 *Barb.* 598 ; *Dixon* v. *Dixon*, 4 *La. Ann.* 191 ; *Marshall* v. *King*, 24 *Miss.* 85 ; *Hill* v. *Chambers*, 30 *Mich.* 422 ; *Price* v. *Taylor*, 28 *Pa. St.* 95 ; *McGunnigle* v. *McKee*, 77 *Pa. St.* 81 ; see, however, *Coleman* v. *Reed*, *Walk.* 258 ; *Sinclair* v. *Jackson*, 8 *Cow.* 543 ; *Gilpin* v. *Williams*, 25 *Ohio St.* 283 ; *Dunn* v. *Sargent*, 101 *Mass.* 336 ; *Shonk* v. *Brown*, 61 *Pa. St.* 320 ; *Van Tilburgh* v. *Hollinshead*, 1 *McCart.* 32).

An heir cannot convey his interest or expectancy in his ancestor's estate, before such ancestor's decease, or the happening of the contingency (*Sullings* v. *Richmond*, 5 *Allen* 187 ; *Jackson* v. *Bradford*, 4 *Wend.* 619 ; *Tooley* v. *Dibble*, 2 *Hill* (*N. Y.*) 641 ; *Whitney* v. *Rust*, 1 *Gratt.* 483 ; *Arrington* v. *Arrington*, 2 *Law Repos.* (*N. C.*) 253 ; *Dennett* v. *Dennett*, 40 *N. H.* 498 ; *Vance* v. *Vance*, 21 *Me.* 364 ; *Grogan* v. *Garrison*, 27 *Ohio St.* 50 ; *Striker* v. *Mott*, 28 *N. Y.* 82 ; *Ludewig's Case*, 3 *Rob.* (*La.*) 99 ; *Beard* v. *Griggs*, 1 *A. K. Marsh.* 26 ; *Boynton* v. *Hubbard*, 7 *Mass.* 112 ; *Hun* v. *Chaffee*, 14 *N. H.* 215 ; *Blanchard* v. *Brooks*, 12 *Pick.* 47 ; *Barksdale* v. *Gamage*, 3 *Rich. Eq.* 271 ; *Brewer* v. *Baxter*, 41 *Ga.* 212 ; *Hart* v. *Gregg*, 32 *Ohio St.* 502 ; *Pelletreau* v. *Jackson*, 11 *Wend.* 110 ; *Robertson* v. *Wilson*, 38 *N. H.* 48 ; *Hall* v. *Nate*, 38 *N. H.* 422 ; *Edwards* v. *Varick*, 5 *Denio* 664) ; or mortgage it (*Bayler* v. *Com.*, 40 *Pa. St.* 37 ; *Carlton* v. *Leighton*, 3 *Meriv.* 667 ; *Purcell* v. *Mather*, 35 *Ala.* 570 ; see *Batty* v. *Lloyd*, 1 *Vern.* 141 ; *Cook* v. *Field*, 15 *Q. B.* 475 ; *John Street*, 19 *Wend.* 659 ; *Hamilton* v. *Pitcher*, 53 *Mo.* 334 ; *Bacon* v. *Bonham*, 12 *C. E. Gr.* 209). As to *post obits* see 1 *Story's Eq. Jur.* §§ 342–348 ; *Lushington* v. *Wallis*, 1 *H. Bl.* 94 ; *Spencer* v. *Jansen*, 2 *Ves. Sr.* 125 ; *Cooke* v. *Lamotte*, 15 *Beav.* 234 ; *Beynon* v. *Cook*, *L. R.* (10 *Ch.*) 389 ; *Miller* v. *Cook*, *L. R.* (10 *Eq.*) 641).

Equity, however, will enforce an executory contract to convey such contingent interest to third persons, provided it be fair and *bona fide* (*Hopson* v. *Trevor*, 1 *Strange* 533 ; *Phipson* v. *Turner*, 9 *Sim.* 245 ; *Hinde* v. *Blake*, 3 *Beav.* 234 ; *Westby* v. *Westby*, 2 *Dr. & War.* 502 ; *Ridgeway* v. *Underwood*, 67 *Ill.* 419 ; *McLoughlin* v. *Maher*, 17 *Hun* 215 ; *Smallman's Estate, Ir. L. R.* (3 *Eq.*) 249 ; *Cook* v. *Field*, 15 *Q. B.* 460 ; *Mastin* v. *Marlow*, 65 *N. C.* 695 ; *Nesmith* v. *Dinsmore*, 17 *N. H.* 515 ; *Trull* v. *Eastman*, 3 *Metc.* 121 ; *Russ* v. *Alpaugh*, 118 *Mass.* 376 ; *Curtis* v. *Curtis*, 40 *Me.* 24 ; *McDonald* v. *McDonald*, 5 *Jones Eq.* 211 ; *Stover* v. *Eycelshimer*, 46 *Barb.* 84, 3 *Keyes* 620) ; especially if made to the ancestor (*Cox* v. *Belitha*, 2 *P. Wms.* 272 ; *Persse* v. *Persse*, 7 *Cl. & Fin.* 279 ; *Quarles* v. *Quarles*, 4 *Mass.* 680 ; *Jones* v. *Jones*, 46 *Iowa* 466 ; *Firestone* v. *Firestone*, 2 *Ohio St.* 415 ; *Needles* v. *Needles*, 7 *Ohio St.* 432 ; *Fitzgerald* v. *Vestal*, 4 *Sneed* 258 ; *Parsons* v. *Ely*, 45 *Ill.* 232 ; *Havens* v. *Thompson*, 11 *C. E. Gr.* 383) ; or to another heir (*Wethered* v. *Wethered*, 2 *Sim.* 183 ; *Marwood* v. *Tooke*, *Id.* 192 ; *Hyde* v. *White*, 5 *Sim.* 524 ; *Jeefers* v. *Lampson*, 10 *Ohio St.* 101 ; *Coates Street*, 2 *Ashm.* 12 ; *Walker* v. *Walker*, 67 *Pa. St.* 185 ; *D'Wolf* v. *Gardiner*, 9 *R. I.* 145 ; *Miller* v. *Emans*, 19 *N. Y.* 384 ; *Lewis* v. *Madison*, 1 *Munf.* 303 ; *Johnson* v. *Hubbell*, 2 *Stock.* 332 ; *Smith* v. *Axtell*, *Saxt.* 494) ; or with the ancestor's express consent (*Fitch* v. *Fitch*, 8 *Pick.* 480 ; *Jenkins* v. *Stetson*, 9 *Allen* 127 ; *Lee* v. *Lee*, 2 *Duv.* 134 ; *McBee* v. *Myers*, 4 *Bush* 356).

But equity does not always enforce such assignments (*Meek* v. *Kettlewell*, 1 *Phil.* 342 ; *Lowry* v. *Spear*, 7 *Bush* 451 ; *Wheeler* v. *Wheeler*, 2 *Metc.* (*Ky.*) 474 ;

Bartles's Case.

*Hardin* v. *Smith, 7 B. Mon. 392 ; Mercier* v. *Mercier, 50 Ga. 546*); and may impose terms (*Gwynne* v. *Heaton, 1 Bro. C. C. 1*).

As to the mode of alienating such interest, see *Dorsey* v. *Smith, 7 Harr. & Johns. 345 ; Bennett* v. *Morris, 5 Rawle 9 ; Lintner* v. *Snyder, 15 Barb. 621 ; Wilson* v. *Wilson, 32 Barb. 328 ; Ackerman* v. *Vreeland. 1 McCart. 23 ; Faber* v. *Police, 10 Rich. (N. S.) 376 ; McElwee* v. *Wheeler, Id. 392 ; Roof* v. *Fountain, 20 Barb. 527 ; McClure* v. *McClure, 1 Phila. 117 ; Hopper* v. *Demarest, 1 Zab. 525.*

A tenant by curtesy initiate may convey his interest in lands (*Reaume* v. *Chambers, 22 Mo. 36 ; Jackson* v. *Mancius, 2 Wend. 357 ; McCorry* v. *King, 3 Humph. 267 ; Evans* v. *Kingsberry, 2 Rand. 120 ; McClain* v. *Gregg, 2 A. K. Marsh. 457 ;* see *Oldham* v. *Henderson, 5 Dana 254*); or one who has "entered" a tract of land before receiving his patent therefor (*Hayward* v. *Ormsbee, 11 Wis. 3 ; Harmer* v. *Morris, 1 McLean 44 ; Bledsoe* v. *Little, 4 How. (Miss.) 13 ; Lamb* v. *Kanna, 1 Sawy. 238 ; Carroll* v. *Norwood, 4 H. & McH. 287 ; Graham* v. *Henry, 17 Tex. 164 ; Cobb* v. *Stewart, 4 Metc. (Ky.) 255*); or after an entry for condition broken (*Homer* v. *Chicago R. R., 38 Wis. 165 ; 2 White & Tudor's Lead. Cas. (4th ed.) 1609 ; Southard* v. *Central R. R., 2 Dutch. 13 ; Rice* v. *Boston R. R., 12 Allen 141 ; Boone* v. *Tipton, 15 Ind. 270 ; Underhill* v. *Saratoga R. R., 20 Barb. 455.*

An heir whose title is abated by a stranger cannot devise it before entry. *Hall* v. *Hall, 3 Call 488 ; 1 Jarm. on Wills (5th Am. ed.) 153 ;* see *Waits* v. *Cole, 2 Leigh 664 ; Varick* v. *Jackson, 2 Wend. 166 ; Herrington* v. *Budd, 5 Denio 321 ; Leach* v. *Jay, L. R. (6 Ch. Div.) 496, (9 Ch. Div.) 42*); nor one who has a mere possibility of reverter (*Deas* v. *Horry, 2 Hill Ch. 248 ; Miller* v. *McNair, 11 Iowa 525 ;* see *Fowler* v. *Griffin, 3 Sandf. 385*).

A possibility coupled with an interest is devisable or descendible (*Manners* v. *Manners, Spen. 142 ; Thornton* v. *Roberts, 3 Stew. Eq. 476 ; Kean* v. *Hoffecker, 2 Harring. 103 ; Thompson* v. *Hoop, 6 Ohio St. 480 ; Lewis* v. *Kemp, 1 Ired. 145 ; Pond* v. *Bergh, 10 Paige 140, 153 and cases cited ; Davis* v. *Bawcum, 10 Heisk. 406 ; Woodgate* v. *Fleet, 44 N. Y. 1; Ingilby* v. *Amcotts, 21 Beav. 585 ; Moor* v. *Hawkins, 2 Eden 342 ; Austin* v. *Cambridgeport, 21 Pick. 215 ; 4 Kent *512 ; Winslow* v. *Goodwin, 7 Metc. 363 ; Smith* v. *Sweringen, 26 Mo. 551 ; McDonald* v. *McMullen, 2 Hills 91 ;* see *Bigelow* v. *Wilson, 1 Pick. 493 ; Grayson* v. *Sandford, 12 La. Ann. 646*); but not a bare possibility, as if a conveyance be to A and B and the survivor, A has no interest to assign during B's lifetime (*Doe* v. *Tomkinson, 2 M. & Sel. 165 ; Jackson* v. *Waldron, 13 Wend. 178 ; O'Bierne's Case, 1 Jon. & Lat. 352 ; Decker* v. *Saltsman, 1 Hun 421, 59 N. Y. 275 ;* see *MacAdam* v. *Logan, 3 Bro. C. C. 310 ; Thomas* v. *Jones, 1 De G. J. & S. 63 ; Miller* v. *Emans, 19 N. Y. 384 ; Wilson* v. *Wilson, 32 Barb. 328*).

No act of the life tenant, or trustee of such life tenant, can affect the rights of the remaindermen. (*Putnam* v. *Gleason, 99 Mass. 454 ; Noble* v. *Andrews, 37 Conn. 346 ; Jackson* v. *Edwards, 22 Wend. 498 ; Frazer* v. *Supervisors, 74 Ill. 282 ; Ernison* v. *Whittlesey, 55 Mo. 254 ; Austin* v. *Rutland R. R., 45 Vt. 215 ; Feltman* v. *Butts, 8 Bush 115 ; List* v. *Rodney, 83 Pa. St. 483 ; Hosmer* v. *Carter, 68 Ill. 98 ; Wilkins* v. *Kirkbride, 12 C. E. Gr. 93 ; Booraem* v. *Wells, 4 C.*

Bartles's Case.

*E. Gr. 87;* see *Knight* v. *Weatherwax, 7 Paige 182; Isler* v. *Whitfield, Phil. (N. C.) 493; Hall* v. *Want, Id. 502; Baylor* v. *De Jarnette, 13 Gratt. 152; Stephens* v. *Evans, 30 Ind. 39; Hamilton* v. *Pitcher, 53 Mo. 334; Lewis* v. *Nelson, 4 Mich. 630; Garner* v. *Dowling, 11 Heisk. 48; Allen* v. *Allen, 2 Tenn. Ch. 28; Murell* v. *Mathews, 2 Bay 397).*

But statutory proceedings authorizing courts to convey or release estates in expectancy, &c., are valid. (*Beisley* v. *Carter, L. R. (4 Ch.) 230; Basnett* v. *Moxon, L. R. (20 Eq.) 182; Wills* v. *Slade, 6 Ves. 498; Gaskell* v. *Gaskell, 6 Sim. 643; Mead* v. *Mitchell, 17 N. Y. 210; Williman* v. *Holmes, 4 Rich. Eq. 475; Faulkner* v. *Davis, 18 Gratt. 651; Loyless* v. *Blackshear, 43 Ga. 327; Reinders* v. *Koppelmann, 68 Mo. 482; Nutter* v. *Russell, 3 Metc. (Ky.) 163; Taylor* v. *Blake, 109 Mass. 513; Dodd's Case, Phil. (N. C.) Eq. 97; Mickle's Case, 10 C. E. Gr. 53; Chism* v. *Keith, 1 Hun 589).*

A contingent remainder cannot be seized on execution. (*Allen* v. *Scurry, 1 Yerg. 36; Dargan* v. *Richardson, Dud. 62; Penn* v. *Spencer, 17 Gratt. 85; Watson* v. *Dodd, 68 N. C. 528; Jackson* v. *Middleton, 52 Barb. 9; Perkins* v. *Clack, 3 Head 734; Allston* v. *Bank, 2 Hill Ch. 242; Baker* v. *Copenbarger, 15 Ill. 103; Ridgeway* v. *Underwood, 67 Ill. 430; Striker* v. *Mott, 28 N. Y. 82;* see *Lockwood* v. *Nye, 2 Swan 515; Payn* v. *Beal, 4 Denio 405; Woodgate* v. *Fleet, 44 N. Y. 1; Sheridan* v. *House, 4 Abb. Ap. 218; Bolton* v. *Stretch, 3 Stew. Eq. 536).*

What contingent interests pass under an insolvent or bankrupt assignment, see *Inkson's Trusts, 21 Beav. 310; Ivison* v. *Gassiot, 27 Eng. L. & E. 483; Duggan's Trusts, L. R. (8 Eq.) 697; Mitchell* v. *Hughes, 6 Bing. 689; Burn* v *Carvalho, 1 Ad. & El. 883; Gibbins* v. *Eyden, L. R. (7 Eq.) 371; Higden* v. *Williamson, 3 P. Wms. 131; Mudge* v. *Rowan, L. R. (3 Exch.) 185; Blakemore's Case, L. R. (5 Ch. Div.) 372; Davis's Case, Mont. 297; Naden's Case, L. R. (9 Ch.) 670; Nimmo* v. *Davis, 7 Tex. 26; Outcalt* v. *Van Winkle, 1 Gr. Ch. 513; Sanford* v. *Lackland, 2 Dill. 6; Krumbaar* v. *Burt, 2 Wash. C. C. 406; Kinzie* v. *Winston, 56 Ill. 56; Banks* v. *Ogden, 2 Wall. 57; Butler* v. *Merchants Ins. Co., 8 Ala. 146; Shay* v. *Sessaman, 10 Pa. St. 432; Moth* v. *Frome, Amb. 394; Vizard's Trusts, L. R. (1 Eq.) 667, (1 Ch.) 588; Lee* v. *Olding, 2 Jur. (N. S.) 850; Rash's Estate, 2 Pars. 160; Stucker* v. *Harvey, 1 Miles 247; Shaw* v. *Steward, 1 A. & E. 300; Grow* v. *Creditors, 31 Cal. 328; Rowan* v. *Harrison, 2 Pug. 503.*

For instances of assignments of expectancies, &c., under statutory provisions, see *Moore* v. *Littel, 40 Barb. 488, 41 N. Y. 66; Sheridan* v. *House, 4 Abb. Ct. of App. Dec. 218; Stover* v. *Eycleshimer, 3 Keyes 620; Goodell* v. *Hibbard, 32 Mich. 47; 4 Kent \*512; Turpin* v. *Turpin, Wythe 22 (137); Lawrence* v. *Bayard, 7 Paige 70; Lacland* v. *Nevins, 3 Mo. App. 335.*—REP.