SQUIRE PARKER and THOMAS PARKER *v.* J. H. CARSON, Adm'r, &c.

The word "*or*," in a bond, payable to "Squire Parker *or* Thomas Parker," construed to mean "*and*," from evidence introduced to prove the *consideration*, under the *scale* laws.

A bond given in 1863, in consideration of the sale of land, although payable "in currency," is to be *scaled* by reference to the value of the land, and not to that of Confederate money.

In an action of *Debt* upon such bond, the judgment was for " $2,494.79, of which sum $1,902.00 is principal :" *Held*, that as the *scale* law applied, there was no error in such judgment.

(*Marsh* v. *Brooks*, 11 Ire. 409 ; and *Howard* v. *Beatty, ante* 559 approved.)

DEBT, tried before *Logan, J.*, at Spring Term 1870, of RUTHERFORD Court.

The plaintiff offered in evidence a bond for $1,902, dated May 25th 1863, payable Nov. 27th 1864, " to Squire Parker or Thomas Parker, in currency," and executed by the defendant's intestate.

The defendant objected to the evidence, but was overruled, and therefore excepted.

The plaintiff also offered to show that the note was given for land owned by the plaintiffs jointly, and by them sold to the defendant. This also was objected to by the defendant, but was admitted, and the defendant again excepted.

The defendant requested the Court to charge that the measure of damages was the value of Confederate money or bank bills, and not that of the land sold. The Court declined to do so, and instructed the jury that that measure was, the value of the land.

Verdict accordingly ; Rule, &c. ; Judgment, and Appeal.

*Battle & Sons,* for the appellant.
*Bynum, contra.*

The first objection taken by the defendant in this Court,. is that the bond is made payable to Squire Parker *or* Thomas Parker. It is conceded that a bond, being a deed,. cannot like a bill or promissory note, be made payable to *A B or bearer* ; it must be made to some certain obligee, to whom it may be delivered. After it is completed, it may be assigned, by virtue of our statute, by the obligee to the bearer or otherwise, just like a note : *Marsh* v. *Brooks,* 11 Ire. 409.

But under the liberal and salutary provisions of the ordinance of the 18th October 1865, and the acts of 1866, chapters 38 and 39, by which the rigid rules of the common law are greatly relaxed in certain cases, we have had a full explanation of this transaction.

It appears that the defendant's intestate gave this bond to the plaintiffs for a tract of land, of which they were the joint owners. A joint bond for their joint land was unquestionably the object of all the parties, and doubtless they employed the very language which they thought would most clearly effectuate their purpose ; in this, however, they were not fortunate. But we think that sufficient appears to authorize the construction that *or* means *and* in this connection.

This construction doubtless carries out the intention of the parties and meets the ends of justice.

The next objection is, that the value of the land should not have been shown, because the bond sets forth the nature of the contract, to-wit: to pay "in currency." In *Howard and wife* v. *Beatty, ante* 569, where the promise was to pay in "current money," it is said, that if the promise had been to pay in "currency," the presumption would clearly have been that it was solvable in Confederate money. But of course, upon a proof that property was the consideration, the value of the property is the guide for the jury in ascertaining the value of the contract.

The third objection, that the judgment is appropriate to an action of assumpsit, while the writ is in *debt,* is also answered by the legislation referred to in the first part of this Opinion. The spirit of all those enactments, and especially of the act of 1866, chapter 38, making it admissible to prove the value of the property which constituted the consideration of the bond, is in favor of the judgment in its present form.

We do not see how it could have been otherwise than as sounding in damages, since the value of the property was the measure of the value of the contract.

PER CURIAM.                    Judgment affirmed.