LEWIS OUTLAW and wife *v.* JOHN FARMER and others.

Where the next of kin of an intestate, whose estate was not indebted, appointed A and B their agents to settle the estate and make distribution; and as such, A and B sold the personals, taking bond payable to "A *or* B, agents;" and afterwards C was duly appointed administrator of the same estate, who settled with A and B, taking the said bond and transfering it to one of the next of kin, as her distributive share.

*Held first,* that the conjunction *"or"* in said bond should be construed to mean *and;* and *second,* that A and B were not executors *de son tort,* and the bond was valid, which the defendants, the obligors would have to pay to the assignee of the administrator.

(*Parker* v. *Carrow,* 64 N. C. Rep. 563; *State* v. *Purdee,* 67 N. C. Rep. 326; *Turner* v. *Childs,* 1 Dev. 25; *Love* v. *Love,* 3 Ired. Eq. 104; *Filhour* v. *Gibson,* 4 Ired. Eq. 455, cited and approved.)

CIVIL ACTION, commencing in a Justice's Court, for the recovery of a bond, and carried by appeal to the Superior Court of WAYNE County, where it was tried before *Buxton, J.,* at the January (Special) Term, 1874, upon the following *case agreed :*

The complaint of the plaintiffs was on a sealed instrument, purporting to be a bond, and of the following tenor :

" Six months after date, we or either of us promise to pay to John Lewis or James Parker, agents, by agreement with the heirs of Anna Herring, deceased, the sum of one hundred and twenty-five dollars and fifty cents, as witness our hands and seals. January 10th, 1866.

    (Signed)             " JOHN FARMER, [SEAL.]
                               " And two others."

The defendants insisted that a recovery could not be had, because the bond was payable to John Lewis " *or* " James Parker. Objection overruled, and defendants excepted.

Defendants then offered to prove that the said bond was given for the purchase of certain personal estate belonging to

one Anna Herring, deceased ; that said personal estate was purchased by the defendant, Farmer, and the other two defendants became his sureties to said bond.   That said Anna Herring died on the 24th day of December, 1865, intestate, leaving two sisters of full age, and other next of kin ; some of the latter being under twenty-one years of age.   That said two grown sisters, one of whom is the plaintiff, Catherine, (wife of Outlaw,) desired that the estate of Anna Herring should be settled without administration, and, to that end, requested the said Lewis and Parker to sell the said personal estate of the said Anna and distribute the proceeds among the next of kin, and the said Lewis and Parker, in pursuance of said request, did sell said personal estate on the day the said bond bears date, taking for the property sold the bond in question.

That afterwards, to wit : on the 20th day of February, 1866, one Rhodes became the administrator of said intestate ; that Lewis and Parker afterwards settled with Rhodes, and that he, Rhodes, assented to the delivery by Lewis and Parker of the bond herein sued upon, to the plaintiff, Catherine, as her distributive share of the said estate ; and that she, Catherine, took the bond with full notice of all the foregoing facts.

The defendants insisted, upon this statement of facts :

1. That the bond was void as to all the defendants ;

2. That it was void as to the sureties, Grady and Smith.

His Honor was of opinion that the subsequent assent of Rhodes ratified the transaction, and rejected the evidence ; and instructed the jury to render a verdict for the plaintiffs, and gave judgment accordingly.   From which judgment defendants appealed.

*Faircloth & Granger,* for appellants.
*Smith & Strong,* contra.

BYNUM, J.   1. The first exception of the defendant is, that his Honor refused to hold that the bond, payable "to John Lewis *or* James Parker," was void.

The bond shows upon its face that the payees were joint agents. In such case this Court has recently decided that the word "*or*" will be construed "*and.*" *Parker* v. *Carrow,* 64 N. C. Rep., 563. It is not necessary to enquire whether this would be a good bond without this construction.

2. The second exception is, that his Honor rejected the evidence offered by the defendants.

We incline to the opinion that the evidence offered was admissible, upon the defence that the bond was void as against public policy or a prohibiting statute. But if admitted, would the evidence answer the action or benefit the defendants? *State* v. *Purdee,* 67 N. C. Rep., 326. We think not. The rejected evidence established the following facts: That one Anna Herring died intestate and owing no debts. That her next of kin and distributees, met together and appointed Lewis and Parker their agents to sell the personal property of the intestate and distribute the proceeds among them. That these agents, in pursuance of this arrangement, did sell personal property to the defendant, Farmer, and took his bond for the purchase money, payable to them, as set forth, with the other defendants as sureties. That after the sale one Rhodes administered upon the estate of Anna Herring, and made a settlement with Parker and Lewis, ratifying what they had done, received the bond in question and transferred it to the female plaintiff, who was one of the distributees, in payment of her share of the estate. Do these facts, in law, avoid the bond?

It may be conceded, that as to the creditors of Anna Herring, had there been any, Lewis and Parker, notwithstanding their agency thus constituted, would have been executors *de son tort*, and liable to be sued by them, as such. But there is a manifest distinction between estates owing debts, where the rights of creditors and third parties intervene, and estates owing no debts, where the rights of the distributees only are involved, which is our case. The defendants cannot maintain their ground without showing that Lewis and Parker were

executors *de son tort*, whose act in selling where there were no debts to pay, was void. But where there are no debts and where the only parties having any interest in the estate are the distributees, upon what principle can Parker and Lewis be declared to be executors *de son tort?*

The whole beneficial interest in the estate is in the next of kin, the very parties who constituted these men their agents, to do the very thing that no one has any interest in but themselves. Suppose the defendants had paid off the bond to these agents, would not the debt have been discharged and the purchaser's title be good? Suppose the administrator had brought his action against Lewis and Parker, as executors *de son tort*, to recover the value of the property sold by them after they had collected and paid over to the distributees, would not this Court, as now constituted, have dismissed the action?

In no just sense can Lewis and Parker be considered as executors *de son tort*. They were appointed agents by the parties who owned the entire beneficial interest in the estate. Administration was only the technical form of passing the legal estate from the intestate to the distributees. Without administration they had the potential dominion over the estate and could dispose of it by sale, gift or testament. Therefore a sale by their agent conferred upon the purchaser a title which the Courts will protect. The bond given for the property was given on a valuable consideration and is valid, both as to the principal and as to the sureties. The case of *Turner v. Childs*, 1 Dev., 25, supports this view. There an agent, who sold goods of the intestate in his lifetime, collected the purchase money after his death. The Court held that he was not an executor *de son tort*, even as to creditors, because his right to collect was colorable, which gave character to the transaction, as showing that it was not done as executor or as an officious intermeddler.

As to the subsequent ratification of the acts of Lewis and Parker, by Rhodes, the administrator: This case is put in the books, "Where a man took possession of an intestate's goods

wrongfully and sold them to another, and then took out administration, it was adjudged that the sale was good by relation." Moor. 126, 5 Rep. 30. How far he is bound, in his character of rightful administrator by his own acts done while executor *de son tort*, may be a question, but it is certain that he can ratify and make valid, by relation, all those acts which would have been valid, had he been the rightful administrator. 1 Williams on Executors, 240. If, then, Lewis and Parker, after this sale and bond taken, had administered by relation it would have validated these acts, and it must follow that they are equally made good when expressly ratified by him who does administer.

This is the law in the case where there is an executor *de son tort*, even, which is the most unfavorable view that can be taken of the agents, Parker and Lewis. But we have before endeavored to show that these agents are not executors of their own wrong, representing, as they do, by authority, the only parties in interest, to wit, the distributees.

If the next of kin had assigned their interest in the estate before administration, a court of equity would not allow the administrator to recover from the assignee. *Love* v. *Love*, 3 Ired. Eq., 104. And where an administrator files a bill to recover a chose in action, which he had assigned before administration granted to him, a court of equity will grant him no relief, when it appears that there is no creditor and that the next of kin had assented to the assignment. *Fulhour* v. *Gibson*, 4 Ired. Eq., 455.

So in this Court, where the equitable as well as legal rights of parties are administered, the bond sued on will be upheld as valid against the defendant, and the plaintiffs are entitled to judgment thereon.

PER CURIAM.                    Judgment affirmed.