ALEXANDER MITCHELL and others *v.* THE BOARD OF COMMIS-
SIONERS OF CRAVEN COUNTY.

The plaintiffs, tax-payers in Township No. 8, obtained a temporary re-
straining order, restraining the defendants from collecting certain taxes
to pay the accumulated debt of the township, and to defray the current
expenses thereof; alleging in their complaint that the debt was fraudu-
lent, had never been legally audited, and had been ordered by the
defendants to be paid as a whole, "or in a batch," and not each claim
separately. The answer of the defendants deny each and every ma-
terial allegation in the complaint: *Held*, that his Honor, who heard
the case after the answer was filed, did not err in vacating the tempo-
rary restraining order, and suffering the defendants to collect the tax
already levied.

(*Weinstein* v. *Commissioners of Newbern*, 71 N. C. Rep. 535, cited and
distinguished from this, and approved.)

CIVIL ACTION, for an *Injunction*, heard before *McKay, J.*,
at Fall Term, 1875, of CRAVEN Superior Court.

The complaint alleges: The plaintiffs are citizens of the
county of Craven, and residents and tax-payers of township
No. 8.

In the year 1873, the township trustees of said township
levied taxes upon the property therein and upon the polls, to
to pay a large pretended, but unfounded debt, alleged to have
been accumulating for several years. That no tax had been
levied previously to pay the actual current expense of each
year, and the tax thus levied amounted to about the sum of
$3,000.

To prevent the collection of said illegal tax, certain tax-
payers, among them a portion of the plaintiffs, obtained an
injunction restraining said trustees from collecting said tax,
which is now pending on appeal in the Supreme Court, and
still in force.

At a recent meeting of the Board of Commissioners of
Craven county, held on the second Monday of May, 1875,

the defendants levied a tax of 6⅓ cents on the $100 worth of property, and 19 cents on the poll, in said township, to be applied to the payment of the aforesaid claims, the collection of the tax to pay which, had been enjoined as aforesaid.

The said pretended claims, the plaintiffs charge, have never been audited and examined, as prescribed by law—no account on oath having been rendered to said board, nor made out in items, nor is any affidavit attached to and filed with it, that the services therein charged for have been, in fact, made and rendered, and that no part thereof has been paid or satisfied ; nor is the time necessarily devoted to the performance thereof stated.  That a large number of accounts of various persons, and for different periods of time, have been allowed by the defendants, the originals of which have not been filed, but the whole thrown together in one general account, and all in the hand writing of the clerk of said township trustees, and so far as appears from the records of the defendants, have not been proved at all, and this entire batch of accounts have been allowed *en masse*.  On the outside of said text of accounts is the following endorsement :

"May 17th, 1875.

*Ordered :* That the within accounts of township No. 8 are hereby audited, and the whole amount of taxes to pay the same shall be 6⅓ cents on the $100, and 19 cents on the poll.

(Signed.)        JOHN PATTERSON, Chairman."

A large portion of said accounts were never due by said township, but were fraudulent and illegal.

Said levy is illegal and void for the further reason that it is to pay a new debt, pretended to be due, contracted since the adoption of the present Constitution of the State, and extending over periods of five or six years, and which has never been submitted to and approved by the qualified voters of said

township, and which tax, if collected, will exceed the sum of one thousand dollars.

That at the meeting of said Board, held in the month of June last, a part of the plaintiffs applied to the defendants to reconsider their action, and proposed to show that said action was not authorized, but forbidden by law, and the said board refused so to do, and avowed their purpose to collect said tax unless restrained by law.

The plaintiffs demanded judgment: That the defendants be restrained and enjoined from collecting said tax or any part thereof, &c.

Upon the foregoing complaint his Honor Judge *McKay* upon motion at Chambers, granted a restraining order until the cause should be heard before *Seymour J.* within ten days; at a time to be designated by him.

The cause was heard before *Seymour J.* on July 15th, 1875, when the defendants filed an answer the material allegations of which are stated in the opinion of the court.

Upon the hearing the restraining order was vacated and the plaintiffs appealed.

*Clarke & Roberts*, for the appellants.
*Lehman*, contra.

READE J. The defendant levied a tax in township No. 8, and the plaintiffs seek to enjoin the collection: first, because they say the debts to be paid are mostly fraudulent, and secondly, because they say the debts have never been audited by the defendants as the law requires. They say that no taxes have been levied in the township for several years, and that now false claims are presented and allowed; and that the defendants, instead of passing upon each claim separately according to its merits, allowed the claims in a "batch," and ordered them to be paid. They do not specify, however, a single claim which they allege to be fraudulent.

The answer meets every charge fully, with a denial. No taxes have been collected for the township for several years and the " necessary expenses " remained unpaid, and certificates had issued from time to time to those entitled. And now they have all been presented amounting to about $1,900.00. For some reason, the defendants abated the whole amount of the claims to $900, and ordered them to be paid to that amount *pro rata.* The creditors may have had some right to complain at this disposition of their claims ; but certainly the tax payers had not. The defendants say, that they did fully consider and audit all the claims presented, and found them to be due for necessary expenses, which distinguishes this case from *Weinstein* v. *Commissioners of Newbern,* 71 N. C. Rep. 35.

To allow the necessary expenses of a township or county to accumulate for years instead of laying taxes yearly to pay the same, is unquestionably bad policy ; but it is not a policy which this court can control.

The plaintiffs make complaint as to the formalities of auditing the accounts by the defendants, but there is nothing affecting the merits. The items of the account—list of the claims—accompany the answer, and no one of them is specifically assailed by the plaintiff.

The enjoining the collection of whole tax lists, thereby stopping the wheels of government, ought only to be allowed in plain and extreme cases.

There is no error. Let this be certified.

PER CURIAM.                                    Judgment affirmed.