BEATRICE PROVOST NUGENT, Respondent, *v.* WILLIAM E. SMITH and CLAIR SMITH, Appellants.

First Department, June 23, 1922.

Contracts — specific performance — contract that parties should divide equally all property that might come to them from relative by will or otherwise and that one should assign to other one-half his interest in certain mortgages and annuities — parties would have shared equally in estate of relative if she died intestate — expectant interest proper subject of assignment — contract shows mutuality and sufficient consideration and may be enforced in equity.

The plaintiff is entitled to the specific performance of a contract under seal and executed prior to the death of a relative of the parties in whose estate they would have shared equally in case she died intestate, which contract provides that the parties will divide equally any property coming to them or either of them from the relative by will or otherwise and that the defendant will assign to the plaintiff one-half of his interest in certain mortgages and annuities.

The expectancy of an heir in his ancestor's estate may become the subject of a contract for assignment or settlement enforcible in equity after the death of the

ancestor, and, hence, the recitals of the contract in question, taken in conjunction with the seal, indicate mutuality of obligation and remedy and express sufficient consideration.

DOWLING, J., dissents.

APPEAL by the defendants, William E. Smith and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of March, 1922, denying defendants' motion for judgment on the pleadings, consisting of a supplemental complaint, answers and a reply to the counterclaim set forth in one of the answers.

*I. T. Flatto,* for the appellants.

*Henry M. T. Beekman,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, upon the opinion of COHALAN, J., at Special Term.

Present — CLARKE, P. J., LAUGHLIN, DOWLING, SMITH and GREENBAUM, JJ.; DOWLING, J., dissenting.

The following is the opinion of the court below:

COHALAN, J.:

The defendant moves for judgment on the pleadings, consisting of a supplemental complaint, answers and a reply to the counterclaim set forth in one of the answers. The action is for specific performance of a contract under seal entered into by and between the plaintiff and defendant William E. Smith. The plaintiff is the granddaughter and defendant William E. Smith is the son of one Roxy M. Smith, now deceased, and they are the only heirs at law of the decedent, and would have shared equally in her estate had she died intestate. The contract was executed prior to the death of Roxy M. Smith, and the parties therein covenanted and agreed to divide equally all property that might come to them or either of them from the estate of said decedent, either by will or otherwise. The defendant William E. Smith also agreed to assign to plaintiff one-half of his interest in certain mortgages which he then held by assignment from the decedent, as well as a one-half interest in certain annuities. For the purpose of this motion all the material allegations of the supplemental complaint are to be deemed true. The defendants contend that the agreement cannot be enforced in equity; that there was no mutuality of obligation and remedy; that the plaintiff's interest under the will of the decedent is not assignable, and that there was no valuable consideration for the contract. The plaintiff contends that the contract is supported by an adequate consideration; is enforcible in equity,

and is one in which an action for specific performance may be decreed. In courts of equity contracts relating to expectancies have been long upheld. There is no question but that the expectancy of an heir in his ancestor's estate may become the subject of a contract for assignment or settlement which, after the death of the ancestor, may be enforced in equity. (*Stover* v. *Eycleshimer,* 46 Barb. 84; affd., 4 Abb. Ct. App. Dec. 309; *Beckley* v. *Newland,* 2 P. Wms. 182; *Wiseman* v. *Roper,* 1 Rep. in Ch. 158; *Wethered* v. *Wethered,* 2 Sim. 183; 2 Story Eq. Juris. § 1040, p. 865; *Alexander* v. *Duke of Wellington,* 2 R. & M. 35; 2 Spence's Eq. Juris. 862, 865.) Much of the apparent conflict in decisions in cases of this kind arises from a failure to distinguish between an attempt to convey or assign a present interest and a contract which, in express terms or by fair construction, is to take effect upon the happening of an event upon which the estate or interest is to vest in the party seeking to transfer the same. In one case no interest is transferred, as the subject-matter of the transfer has no existence. In the other the contract is executory to take effect when the right or interest vests in the party who contracts to transfer. The recitals and covenants in the present contract, taken in conjunction with the seal, indicate mutality of obligation and remedy, and express a valuable and sufficient consideration. The performance of such contract may be enforced in equity. A short time since a motion was made in this action for an injunction *pendente lite,* and in its decision the court expressly stated that the complaint showed a good cause of action. The order entered on that motion was sustained by the Appellate Division. Were the contention of the defendants herein sound I do not think that court would have sustained the order. Various other matters alleged in the complaint and denied in the answer raise issues of fact that may only be determined on a trial. Motion denied.