THE PEOPLE OF THE STATE OF NEW YORK ex rel. HORACE
E. DEMING, as Executor of GEORGIANNA B. WRIGHT,
Appellant, *v.* WALTER W. LAW, JR., et al., Constituting
the STATE TAX COMMISSION, Respondents.

*Tax — when income tax properly assessed against income of estate
received during administration even though it eventually passes under
the will to an educational institution.*

*People ex rel. Deming* v. *Law*, 202 App. Div. 863, affirmed.

(Argued November 21, 1922; decided December 12, 1922.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the third judicial depart-
ment, entered July 6, 1922, which unanimously confirmed,
on certiorari, a determination of the state tax commission
imposing an income tax upon the estate of Georgianna B.
Wright, deceased. The executor contended that as to
that part of the income which would eventually pass,
under the will, to an educational institution, no income
tax was assessable under subdivision 2g of section 359
of the Tax Law. It was held that as to income received
during the period of administration within the year allowed
for settlement of the estate a tax was properly imposed.

*Heber Smith* for appellant.

*Charles D. Newton*, Attorney-General (*James S. Y.
Ivins* and *Laurence Graves* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, POUND and
ANDREWS, JJ. Dissenting: CARDOZO, MCLAUGHLIN and
CRANE, JJ.

———

BEATRICE P. NUGENT, Respondent, *v.* WILLIAM E. SMITH
et al., Appellants.

*Pleading — when complaint in action for specific performance of contract
executed by defendant as inducement to plaintiff to refrain from giving
information as to his marriage states cause of action.*

*Nugent* v. *Smith*, 202 App. Div. 739, affirmed.

(Argued November 21, 1922; decided December 12, 1922.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered June 23, 1922, which affirmed an order of

Special Term denying defendant's motion for judgment upon the pleadings. The action was in equity for the specific performance of a contract between plaintiff and defendant William E. Smith. The supplemental complaint showed that defendant Smith had married a woman to whom his mother objected; that he feared his mother would revoke her will, under which he was to receive several millions of dollars if she learned of the marriage; and that Smith executed the contract as the price of plaintiff's promise to refrain from divulging to Smith's mother the fact of his said marriage.

The following question was certified: " Does the supplemental complaint herein state facts sufficient to constitute a cause of action? "

*Samuel Seabury* and *I. T. Flatto* for appellants.

*Henry M. T. Beekman* for respondent.

Order affirmed, with costs; question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

OLD HOMESTEAD WATER COMPANY, Appellant, *v.* G. HARRY TREYZ et al., Respondents.

*Eminent domain — condemnation proceedings — water works — filing of map of lands to be taken or entered upon necessary preliminary of proceeding to acquire right to divert waters of streams.*

*Old Homestead Water Co.* v. *Treyz,* 202 App. Div. 98, affirmed.

(Argued November 21, 1922; decided December 12, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 20, 1922, which reversed a final order in condemnation proceedings entered upon the report of a referee and dismissed the petition upon the ground that petitioner had failed to file the preliminary map required by section 83 of the Transportation Corporations Law. Plaintiff in this proceeding sought to acquire the right to divert the waters of certain streams in Sullivan county for the purpose of supplying water to the village of Livingston Manor.