In the Matter of the Accounting of EVA SCHNEIDER, as Administratrix C. T. A. of MARTHA E. LEONHAUSER, Deceased.

Surrogate's Court, Bronx County, November 15, 1944.

*Frederick Behr* for petitioner.

*Emanuel Redfield* for Frederick Weber and another as executors of Wiegand Weber, deceased, respondents.

HENDERSON, S. In this proceeding for the judicial settlement of her account the administratrix *c. t. a.* prays for the construction of paragraph " Second " of decedent's will which reads as follows: " SECOND: All of my property and estates, both real and personal, of whatsoever nature or kind and wheresoever situated, remaining after the payment of my just debts and funeral expenses, I give, devise and bequeath to my brother, WIEGAND WEBER, in trust, nevertheless, to take full charge of, manage and control the same; to keep my real estate in repair, and to pay all necessary taxes, water taxes, insurance charges, and assessments, and charges for repairs upon the same, and to do any and everything necessary, or in his opinion, proper in order to care for and preserve my estates; to collect all interest, income and profits therefrom, and to completely manage and control the same; and as soon after my decease as he, in his opinion, shall think best, to sell and convey my real estate upon such terms and for such price and in such manner as to him shall seem best. Upon the sale of my real estate and

the conversion of the same into cash by my executor after said sale, I order and direct him to pay and distribute the proceeds of my estate, as follows: to my daughter, LENA PASCHKE, One thousand ($1000.00) Dollars; to my daughter ELIZABETH SYNWOLDT, One thousand ($1000.00) Dollars; to my daughter LOUISA KELLER, One thousand ($1000.00) Dollars; to my daughter MARGARET LEONHAUSER, One thousand ($1000.00) Dollars; to my grand-daughter MARTHA LEONHAUSER, Five hundred ($500.00) Dollars; to my grand-son PERCY LEONHAUSER, Five hundred ($500.00) Dollars; to my daughter MARTHA K. EICKMANN, One thousand ($1000.00) Dollars; and to my daughter EVA SCHNEIDER, One thousand ($1000.00) Dollars. If my estate shall not be sufficient to pay all of the above specified legacies in full, each of said legatees shall receive a prorata amount of said legacies according to the amount of the proceeds of my estate. If after paying the legacies above specified there shall remain a balance of the proceeds of my estate undistributed, then said balance shall be divided equally between my two daughters MARTHA K. EICKMANN and EVA SCHNEIDER.''

The only property which constituted decedent's estate at the time of her death on the 19th day of October, 1935, was a parcel of improved realty, appraised at the sum of $7,500.

Wiegand Weber, the sole executor and the person to whom the property was devised in trust and Martha Eickmann predeceased the testatrix.

Wiegand Weber, during his lifetime and in the year 1927, being fully aware and advised as to the foregoing provisions of decedent's will, and in anticipation thereof made payments of $1,000 each to Martha Eickmann, Elizabeth Synwoldt, Louise Keller, Margaret Leonhauser and Eva Schneider. A payment of $1,000 was made to Louisa Keller for Lena Paschke due to the fact that Lena Paschke was an invalid residing with Louisa Keller. And inasmuch as Percy Leonhauser and Martha Leonhauser were infants at that time, payments of their respective shares were made to their mother, Margaret Leonhauser.

Each payment was accompanied by a stipulation that the same was an anticipated payment of the provision contained in the will and receipts were obtained.

The questions of construction raised by the petitioner, concern themselves with the rights of all the parties as a result of the anticipated payments.

The petitioner, Eva Schneider, contends that Wiegand Weber acted as a volunteer and that the payments made by him constitute payments of the legacies and that the property hereinabove

referred to, belongs to the residuary legatees free of the obligation to make reimbursement.

The executors of the estate of Wiegand Weber claim to be entitled to reimbursement in the sum of $7,000 for the payments made by him.

The facts surrounding the payments have not been shown nor is there any proof that they were made at decedent's request or with her knowledge.

It is undoubtedly true that a mere volunteer may not acquire either an equitable lien or the right of subrogation. (*Acer* v. *Hotchkiss,* 97 N. Y. 395.) It is also true that no contract is necessary upon which to base a right of subrogation and that it is founded upon general equitable principles (*Pease* v. *Egan,* 131 N. Y. 262), and that it is a doctrine that may be applied for the purpose of doing justice between the parties (*Gans* v. *Thieme,* 93 N. Y. 225), and includes so wide a range of subjects that it has been called the " ' mode which equity adopts to compel the ultimate payment of a debt by one who in justice, equity and good conscience ought to pay it ' " (*Pittsburgh-Westmoreland Coal Co.* v. *Kerr,* 220 N. Y. 137, 144).

Under these principles, the court is of the opinion that the executors of Wiegand Weber are entitled to be reimbursed to the extent of $4,000 for the payments made to Elizabeth Synwoldt, Louisa Keller, Margaret Leonhauser and Eva Schneider the petitioner.

There is no question that the expectancy of an heir in his ancestor's estate may become the subject of a contract for assignment, which after the death of the ancestor may be enforced in equity. (*Nugent* v. *Smith,* 202 App. Div. 279, 739, affd. 234 N. Y. 611.)

In the present case, the parties herein, in 1927, were dealing with expectancies in the light of their knowledge of the terms of the decedent's last will and testament. Wiegand Weber expected to be the executor and the persons accepting his payments expected to be the legatees.

The form of the transaction indicates the intent of the parties thereto. No written assignment was taken from the legatees, but in view of his expectation to eventually act as executor, no written instrument of this nature would reasonably be requested by him. For his purposes as executor, the receipt and stipulation would be sufficient upon his accounting to show payment of the legacies.

By reason of these anticipated payments made in this manner, it cannot be said that he was acting as a mere volunteer. The

decedent's will remained unchanged and was eventually probated. Except for his death, Wiegand Weber could have qualified as executor and trustee. If he had lived, and qualified as the estate fiduciary, he could have asserted his right to be reimbursed for these payments. (*Matter of Plopper,* 15 Misc. 202.) Equity would clothe him with " the legal garb with which the contract * * * was invested " (*Lidderdale* v. *Robinson,* Fed. Cas. No. 8337, p. 506).

The substitution of Wiegand Weber for the legatees who received their payments is in accord with the implied intent of the parties to the transaction and must be given effect in order to avoid and prevent injury. The remedy of subrogation is highly favored and, while not a matter of strict right, the courts are inclined to extend rather than restrict its application. (*Bonham* v. *Coe,* 249 App. Div. 428, affd. 276 N. Y. 540.)

The equitable feature of the petitioner's claim to the property of this estate free and clear of the obligation to make reimbursement, is not very apparent. She herself was one of the legatees whose legacy was paid by Wiegand Weber. The existence of any countervailing equities which would prevent the application of the doctrine of subrogation, has not been shown. A benevolent equity is powerful enough to restore the balance between the parties. (*Gerseta Corporation* v. *Equitable Trust Co.,* 241 N. Y. 418.)

Accordingly, it must be held from all of the foregoing, that Wiegand Weber was an equitable assignee to the extent of $4,000, and his estate is therefore entitled to be reimbursed to that extent.

As to the remaining payments of $3,000, no reimbursement can be made. Martha Eickmann predeceased the decedent, and as a result, the amount of her legacy is now payable to her children. (Decedent Estate Law, § 29.) Lena Paschke and the grandchildren Martha and Percy Leonhauser never received their legacies. The payments made for their benefit were made to persons legally incapable of contracting for them. As to these amounts, the estate is still chargeable with their payment in addition to the charge which is possessed by the estate of Wiegand Weber.

The will is construed accordingly.

Settle decree.